THE UNITED STATES COURT OF APPEAL TO THE FEDERAL CIRCUIT IS NOW OPEN AND IN SESSION. GOD SAVE THE UNITED STATES AND THIS HONORABLE COURT. Thank you. Good morning everyone. We are pleased and honored to welcome as a member of the court today Chief Judge Davis of the United States District Court for the Eastern District of Texas. The first argued case this morning is number 2012-1262 BOURDEAU BROS v. ITC. Mr. Miranda. May it please the court. Thank you. I'm Dave Miranda. I'm the attorney for BOURDEAU BROS, the appellant in this case. We're here because in this case the commission failed to properly apply the law of trademark infringement on the remand from this court the last time. Specifically, it failed to properly apply the law of all or substantially all with respect to the goods that were involved here. This is a section 337 trademark case that was brought against my client and other respondents for alleged material differences in products that were sold overseas and imported into the United States and material differences between those products and those that Deere claimed that it sold in the United States. Isn't it the limited question whether 96% is all or substantially all? Your Honor, the standard is not purely numeric. The last time we were here, this court meticulously explained to the commission how to properly apply the standard and that was the reason why the commission's decision last time was vacated and remanded. But the standard is not purely numeric. If the standard was purely numeric, there would have been no need to send it back to the commission. If there was a purely numeric standard, then that would be the end of the analysis. But this court has held... Why would that be so, counsel? Excuse me? Why would that be so? Why would there have been no need to send it back if it was purely numerical? Judge Lurie asks, is that the end of the question once we decide the issue of the number? And the answer is no, that's not the end of the question. I understand the Federal Circuit last time said 96.3 or whatever it was, was substantial. It did not say that. It specifically did not say that. All it said was, this is how you do the calculation. It's up to the commission to apply the law. And the law is much more than just the standard. The law... About diminishment of value. Yes, exactly. But the court previously said nothing about diminishment of value, did they? The court recognized that we had stated that diminishment of value was part of the all-or-substantially-all test. SKF, this court's decision in SKF, recognized the diminishment of value test in the all-or-substantially-all standard. And in the last decision by this court, remanding it, the only thing it corrected on the commission's side was how it performs the numeric calculation. It said nothing about changing the standard that was set forth by this court in SKF in 2005, which specifically recognized that a trademark owner who is putting in commerce the same exact goods that it's claiming are infringing must also show that there is a diminishment in value to its mark beyond that that was caused by its own conduct. Are you talking only about gray goods importation or are you saying that this is a general rule of trademark law? This is the rule in gray market importation because this is what was set forth by the court in SKF. The ruling that it affirmed came from Warner-Lambert, which was not a gray market case. It was a case of stale goods that were used in the United States. But for purposes of this argument, this argument here is when you're looking at a gray market infringement and the trademark owner is engaging in the exact same The trademark owner has the burden of establishing a diminishment in value beyond that which was caused by its own conduct. When dealing with gray goods, that's what I'm trying to understand. Yes, when dealing with gray goods. When trademarks have territorial boundaries. But I'm interested in whether you're saying that for purposes of ITC actions and importation prohibitions of gray goods that this is the controlling factor. Yes, that's our position, Your Honor. This is part of the all or substantially all standard when we're looking at gray market infringement. When the trademark owner has committed the same conduct it's accusing the respondents of. And in this case, we have the commission's factual finding that the trademark owner's conduct was so substantial that the trademark owner's conduct was also causing consumer confusion. That in that case, under the law, you must look at whether there's a diminishment in value beyond that which was caused by the trademark owner itself. And this was set forth by this court in 2005 in SKF. There was no proof submitted regarding this. And then on the remand, the commission ignored the law. The commission ignored the case law from this court in SKF and said that this court has now rejected the diminishment in value test. That there was a ruling somehow that they rejected it, which is certainly not the case. This court was meticulous in explaining what the percentage ruling was, and it was also meticulous in saying that the commission must go back and properly apply the all or substantially all standard. And each time, the commission has not properly applied the all or substantially all standard. This particular part of the law is put in place because the trademark owner was engaging in the same conduct that it's accusing the respondents of being infringing. In order to be successful on a case like that, the trademark owner must show, according to SKF, must show that its mark has measurably diminished in value as a result of respondent conduct beyond that which was caused by its own. It would be inappropriate to have a harm to the trademark owner's trademark that was caused by the trademark owner itself and then say, well, you don't have to prove anything else. You don't have to prove that there was a further harm caused by the respondent in this case. And in this case, there is none. There is no empirical evidence of any harm caused by respondent conduct. And if we don't agree with your interpretation of SKF and the territorial burdens and advantages of trademark ownership, are there any other aspects of this appeal that you need to bring to our attention? Well, I think, yes, there is, Your Honor. And thank you. It's imperative that the commission apply the law that this court has set forth. And the commission specifically has not. In the last time that we were here, in the Deere case, this court held that the benchmark for the commission to consider is whether consumers would have likely been confused by the trademark owner's conduct. That was the standard, an instruction that the commission, that this court gave to the commission. The commission actually found that Deere, via substantial sales of European harvesters, did, in fact, contribute to consumer confusion. When it did its analysis of whether it met the standard here, it changed the standard, an instruction that the court specifically provides. In the commission's decision, it said the standard is no longer whether consumers would likely have been confused by the trademark owner's action. It said now that the standard requires a ruling in the trademark owner's favor unless it's established that the trademark owner's non-conforming sales have likely altered consumer perception of the trademark goods. So now it changed it from consumer confusion to now an altering of the entirety of the consumer's perception. The commission held that Deere met its burden of proof because there was no  standard that was set forth in the benchmark that was set forth by this court in Deere and Bordeaux and in SKF. This analysis and this application of the law by the commission is wrong because it goes against what this court has set forth in several cases now. Also, significantly, that new standard made up by the commission shifts the new standard set forth by the commission in this case. Once any consumer confusion is found, the trademark owner will now be successful unless the defendant or the respondent establishes that the trademark owner's conduct altered the consumer's perception. Counsel, let me ask you this. If I'm understanding your argument correctly, you're saying that not only must they show the all or substantially all test, but they must then show a monetary diminution in the value of the mark. Is that correct? That is correct. What we're saying is that it doesn't have to be monetary. It just has to be a measurable diminution in the value. And that's part of the all or substantially all test. It goes into the mix as to whether that number is significant. My problem is really somewhat procedural because I know that the other side has asserted, and I'd like to hear you respond to, that this is the third time this case has been before this court. And the last time, the court states that Bordeaux asserts that the percentage of nonconforming sales is only one factor that must be met to meet this all or substantially all test. According to Bordeaux, Deere also must show that the infringing sales measure will even diminish the final value of an already partially devalued mark. And then in the concluding sentence of the opinion base, the court addresses the substantially all, and then the court said we have considered the party's remaining arguments and do not find them persuasive. Why hasn't this already been decided by this court? I appreciate your bringing that up, Your Honor. It has not been decided because the commission's decision that was before this court the last time did not address this issue. It was raised by your client in the last appeal, wasn't it? Yes, it was. We raised that as being part of the all or substantially all standard. When this court remanded it back to the commission, this court remanded it. But this court didn't say we need not address these other points because we're remanding on this point. They said we find the other points not persuasive. Moreover, the commission said we also find that the Federal Circuit's remand constructions do not pose a second question of whether Deere has established diminishment. The remand instructions as discussed at length above clearly present only the one question already answered, quote, commission should determine whether 96%, et cetera, is all or substantially all. You're saying that's error. I'm saying the commission made an error. I'm saying that's exactly correct. What you're saying is exactly correct. But this court sent it back to apply the all or substantially all standard, and the diminishment in value test is part of the all or substantially all standard. This court did not send it back and say, by the way, we're changing the all or substantially all standard to eliminate the diminishment in value test. The all or substantially all standard encompasses a large number of things besides this percentage, including diminishment in value. And the commission refused to consider that. Now, I agree that the reason this was vacated was because of the numerical standard, but this court in the Deere case the last time did not change the standard. This court was meticulous in what the standard is when we're talking about the numbers, was meticulous in talking about what needs to be done. If it was going to change the law and if the commission is affirmed here, this court will be changing the law. It will be eliminating the diminishment in value test of the all or substantially all standard. Let's hear from the other side on this point, and you can pursue this point on rebuttal if it needs pursuit. Thank you, Your Honor. Thank you, Mr. Miranda. Mr. Haldenstein. Thank you, Your Honors. Michael Haldenstein for the International Trade Commission. May it please the Court. The two court remands in this case have narrowed considerably the issues to be resolved. All that is left is whether the commission followed the Deere court specific remand instructions. The Deere court remanded, quote, for the commission to determine whether 3.1 to 3.4 percent is an insubstantial percentage such that substantially all of the authorized harvesters sold in the United States were of the North American version. The cutoff as to what is to be considered substantially all is a question of fact. That's at page 1361 of the Deere opinion, and the court explained that it was sending it back to the commission on this issue because it was a question of fact. Now, the commission has closely followed this court's instructions and applied the test. It was told to apply. The commission found that substantially all of Deere's authorized harvester sales were the North American variety. But Mr. Miranda says diminishment is part of that remand analysis. A diminishment in value based on respondent sales would be entirely inconsistent with the court's instructions, which said focus on the non-conforming goods. And that is what the commission evaluated. So he says in that case we would be writing out of the law the diminishment aspect. That is incorrect because all the earlier decisions, SKF, Bordeaux, and Deere focused on the trademark owners' sales of the non-conforming goods and whether those had severed the tie between the trademark and the bundle of trades associated with the mark. So why do you think we sent it back? Ninety-six percent is a large number. It sounds like substantially all. So why would we have sent it back? Why couldn't we have just decided it on our own? Well, the court could have decided it on its own, but it said it needed to be sent back because it was a question of fact, and that was for the commission to decide and to see if there were any other circumstances that would make it not substantially all. Well, are you saying, counsel, that a diminution in value automatically occurs if the substantially all test is met? No, Your Honor. We're saying that the substantially all test, if substantially all of the trademark owners' goods display the material difference, then there were material differences between the gray market goods and the trademark owners' goods, and the trademark owner is entitled to relief. The diminishment in value test has no place in this analysis, and that was made clear in Deere, Bordeaux, and SKF. The focus is entirely on the trademark owner's sales and whether substantially all of the trademark owners' authorized sales were of the conforming good. So the commission has applied the court's specific remand instructions, which made no mention of the further diminishment test. In fact, the Deere court, in remanding the commission, said don't look at the previous remand opinion. Look at Deere's authorized sales. And as Judge Davis previously alluded to, Bordeaux has already made this same diminishment argument in the last appeal, and the court discussed this argument in Deere and found the argument unpersuasive. Also, in the commission's previous remand determination, the commission compared the relative number of sales by Deere and Bordeaux of the non-conforming European version of the harvesters. The court made clear in Deere that this was wrong and instructed the commission not to assess the relative contributions to consumer confusion when applying the all or substantially all test. The court stated that, quote, thus the benchmark is instead whether consumers would likely have been confused by the trademark owner's actions. And this is at page 1361 of the court's remand. In short, the court's two remands to the commission indicate that the further diminishment test is not at issue. Nowhere does the court address that test in this case other than to have rejected it in Deere. That's all you have, Your Honor. In other words, you suffered a diminishment in your time of argument. Yes. Voluntarily. Voluntarily. Thank you. Okay. Thank you, Mr. Allen. Mr. Eason. Thank you, Your Honor. Good morning, Your Honors. May it please the court. I am Bassam Ibrahim here on behalf of Deere and Company today. Your Honors, we respectfully request that this court uphold the decision of the commission as the decision is supported by the substantial evidence of record and to further protect U.S. consumers from being confused by the respondents' actions. Counsel, what do you say the test is? Your Honor, I think this court got it right the first time in the last appeal. It's an all or substantially all test. It requires no further showing of diminution of value? Well, if we look at the SKF, Your Honor, I think the way it looks at it is it's a multi-part test. The first question is, are there differences in the products? Clearly. Are there any differences between the gray market products in the U.S. products? Yes. Second part of the test is, are there any differences? Are the differences material to consumers? And that encompasses whether or not the all or substantially all test comes into play. Specifically, Deere was able to prove that all or substantially all of the products under the 96.6 to 96.9 standard were North American version machines. Therefore, as a result of proving that, Deere's conduct did not contribute in any way to any diminishment in value. It's the respondent's conduct that contributed to the confusion in the marketplace, Your Honor. And as set forth in Warner-Lambert, any introduction into the marketplace of non-conforming goods necessarily devalues the market because they've introduced into commerce products which don't comply with the quality control standards. And therefore, they're responsible for the diminishment in value. So it is part of this all or substantially all test. And so to speak, Your Honor, to answer your question, we believe that the Commission got it right when it said it's merely a recasting of the all or substantially all test. It's part of the analysis, Your Honor. And in this case, we have hard evidence of diminishment in value. If we look at the testimony of the witnesses which the Commission in the ALJ had the benefit of, particularly the ALJ, there was testimony by Mr. Meister who testified that consumers in the marketplace were confused. Mr. Meister testified that over 80% of the consumers that encountered the European machines were confused. And they were harmed because they were accustomed to encountering the North American machines, but they encountered the European machines. In addition, Mr. Snell and Mr. Souter testified of the problems with the warranties. The European machines didn't have warranties. The U.S. machines did. Consumers were quite upset. That is a result of the respondents' behavior. And so they should be held accountable and Deere should be entitled to protection of its brands by meeting the all or substantially all test. You're basically saying then as sort of the second problem of the test, the value, now we're almost dealing with the causation when you get to the substantially all test. Who caused it? Did you cause it or did they cause it? I guess you could look at it that way, Your Honor, but by meeting the all or substantially all test, Deere has established that it is entitled to relief because any introduction into the stream of commerce of gray market products by the respondent necessarily devalues the brand because they're And you say you had evidence initially before the commission of that confusion and the diminution in value. That's correct, Your Honor. It was before the ALJ. And that's right. And the commission looked at this as one of the factors and said clearly there's a problem in the marketplace that we have to fix. What is your position with regard to whether this court already decided this question? There's no doubt in our mind that this court decided this question. And this argument has been here before. And in fact, we would ask the court to adopt the standard under a collateral of stop. As you had previously said, Your Honor, the Federal Circuit in its prior decision acknowledged all of Bordeaux's arguments, including the diminishment in value argument, and stated on page 1362 of its opinion that it did not find them persuasive at all. To us, that is fairly clear that this argument has been considered. It was rejected. And on remand, the only issue that this court wanted to have decided was the all is substantially all test. The commission properly applied that test in light of the facts and set forth a very sound decision, which is supported by the substantial evidence of record. If this court wanted us to address that, that certainly would have been in the appropriate time. But clearly, it did not want us to address that. And so we followed the guidelines of this court. And Bordeaux should be barred. And a decision should be issued that, based on the doctrine of collateral stop, the commission's decision should be upheld in its totality. Any more questions for Mr. Abrams? Any more questions? Thank you, Mr. Abrams. Thank you, Your Honor. Mr. Miranda, you have a little time for rebuttal. Make that two minutes. I can't say very much in 58 seconds. Thank you, Your Honor, for this additional time. We've got a real issue here because the commission is saying, and its decision is saying, diminishment of value test is out. We don't need to look at it. This court rules that diminishment of value is out. That's what the commission says in its decision. That's what the commission just said now. Then we hear from Deere that says, well, no, diminishment of value is part of the substantially all or substantially all test. But we don't need to. We have proof in there. And we could have proved it. But the commission never looked at it. The commission never decided based upon the law that this court has set forth. Now, yes, this court set it back to the commission to look at it and whether all or substantially all is an issue of fact. And that's up to the substantial evidence of the commission and the discretion of the commission. But the law is not up to the discretion of the commission. The commission has to apply the law that this court sets forth. And in this case, it did not. Deere has conceded. Counsel, if the all or substantially all test is met, how could it not be diminution of value? Give me an example. It could not be because under the test, as this court has said, the benchmark is whether the trademark owner's conduct caused consumer confusion. And that's not the way that the commission looked at it on the second time. Had they looked at it that way on the first time? No. Well, the second time, the middle time, they did. But to answer your question, whether the Deere – So if they looked at it the middle time and you raised it in this court the middle time and the court said – The court said that, yes, there was – We don't mind it persuasive. Well, this court said that. The commission said that it was confusing. The all or substantially all standard requires that the trademark owner show some diminishment in value beyond that was caused by its own conduct. It doesn't say that if there's a certain number, it's presumed that there's a diminishment in value. But this court and the rule of law provides that there must be shown some measurable diminishment in value. It's not really a high standard, but they didn't meet it, even though it was a low standard. And more importantly, the commission did not apply the law. There's no – if you were to accept that, then you're saying, well, then there's just a presumption of diminishment in value. And that's not what the law is. The law says the burden of proof by a preponderance of the evidence is on the trademark owner to show some measurable diminishment in value beyond that which was caused by its own conduct. We'll have to figure it out. Obviously, there's a difference of opinion here. So I think we have the issues. Are you satisfied that we've heard the issues exposed? Thank you very much, Your Honor. Thank you all. Thank you. Thank you all. The case is taken under submission. Thank you.